Adelbert D. Risley v. Charles H. Harlow and Others.— Motions denied, with ten dollars costs to the defendant Thompson.

In the Matter of the Application of the City of Rochester to Acquire Lands for the Construction and Maintenance of an Additional Distributing Reservoir in the Town of Brighton, etc.— Motion for leave to appeal to the Court of Appeals granted, the form of the order and questions to be certified to that court to be settled by and before Mr. Justice Nash on two days' notice.

---

### SECOND DEPARTMENT, NOVEMBER, 1905.

Joseph W. Kay, Respondent, v. Robert Grier Monroe, as Commissioner of Water Supply, Gas and Electricity of the City of New York, and Others, Appellants.— Appeal by the defendants from a judgment of the Supreme Court, entered in the office of the clerk of Kings county on the 26th day of May, 1904, in favor of the plaintiff.

*Limitation of bids so as to exclude competition — contrary to section 1554, Greater New York charter.*

JENKS, J.: I am of opinion that our decision upon the appeal from the order granting the plaintiff's motion for an injunction *pendente lite* determines this appeal from the judgment. In the opinion written for the court by Hirschberg, P. J. (93 App. Div. 484) the conclusion was reached that the papers before the court at Special Term tended to establish that the commissioner so limited the bids for the larger number of meters as practically to exclude competition. The same "papers" were read in evidence at the trial, and were supplemented only by testimony which the plaintiff offered to show that the meters called for in the bids were patented articles, while the defendant offered no evidence. I may add that I fail to find proof of compliance with the requirement of section 1554 of the Greater New York charter† that conditions to secure fair and reasonable opportunity for competition "shall be" prescribed by the board of estimate and apportionment. The learned counsel for the corporation writes in his points that such proof is found in Exhibit D. But unless I mistake it, that is but an affidavit in which the affiant deposes that he is the secretary of the board of estimate and apportionment, and *as such* has in his custody certain records of the transactions of the former board of public improvements, and thereupon he makes an extract from the minutes of that board. The judgment must be affirmed, with costs. Hirschberg, P. J., Bartlett, Rich and Miller, JJ., concurred.

Judgment affirmed, with costs.

In the Matter of the Application of Robert F. Kelly for Admission to the Bar.— Application granted. Present — Hirschberg, P. J., Bartlett, Woodward, Jenks and Rich, JJ.

The City of New York, Appellant, v. William W. Vandewater, Respondent.— Motion to dismiss appeal granted, with costs, unless the return is filed and the appeal perfected within ten days; on compliance with these conditions the motion is denied, without costs. Present — Hirschberg, P. J., Bartlett, Woodward, Jenks and Rich, JJ.

---

* General Rules of Practice.— [REP.    † Laws of 1901, chap. 466.— [REP.